UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA JUNGE and RICHARD JUNGE, on behalf of themselves and a class of similarly situated investors,<br><br>Plaintiffs,<br><br>v.<br><br>GERON CORPORATION, and JOHN A. SCARLETT,<br><br>Defendants. | No. C 20-00547 WHA<br><br>*Consolidated with* C 20-01163 WHA<br><br>*Related to* C 20-02823; MC 22-80051<br><br>**ORDER RE MOTIONS FOR FINAL APPROVAL OF SETTLEMENT AND ATTORNEYS' FEES** |

**INTRODUCTION**

In this Section 10(b) securities class action, plaintiffs move for final approval of a $24 million settlement as well as for attorneys' fees and costs. Defendants do not oppose. For the reasons stated herein, the motions are **GRANTED**.

A prior order has detailed our facts (Dkt. No. 124). In short, defendant Geron Corporation, a biopharmaceutical company, developed a drug called "imetelstat" to help with myelofibrosis, a rare and chronic blood cancer. In 2013, defendants' drug had performed well in a pilot study conducted by the Mayo Clinic, yielding results acclaimed by some as unprecedented. The promising results led to Geron's collaboration with Janssen Biotech Inc., a division of Johnson & Johnson, Inc. Geron and Janssen worked on a new clinical study of imetelstat called the "IMbark" two years later. IMbark, however, saw less impressive results than the prior pilot study for certain metrics, and defendants allegedly failed to disclose the bad with the good to investors. Plaintiffs say CEO John A. Scarlett omitted sharing the bad news

during an investor call that immediately followed the study, even after the full results were well-known. Defendants did not disclose specifics about the metrics until late September 2018. A steep stock drop followed. In early 2020, two lawsuits were filed in this district against Geron and CEO Scarlett.

In May 2020, an order consolidated the related actions and appointed the named lead plaintiffs. An April 2021 order granted in part and denied in part defendants' motion to dismiss, allowing only certain issues to proceed (Dkt. No. 85, 124). Extensive discovery ensued, not without significant dispute. Several additional hearings were held to compel non-party Janssen's production of documents. After two settlement conferences held by Judge Donna Ryu, the parties filed a stipulation of settlement in September 2022 (Dkt. No. 247). Preliminary approval was granted in October 2022. An initial fairness hearing took place on March 30, 2023. Final approval was not granted at that time, however, due to a notice problem revealed at the hearing. Class counsel was ordered to re-distribute notice to those class members who did not submit a claim in order to remedy the issue. After this process, a further fairness hearing was held on August 24, 2023, and the settlement was approved.

As stated on the record at the fairness hearing, this settlement is deemed satisfactory under Rule 23 and the factors enumerated in *Churchill Vill., L.L.C v. Gen. Elec.,* 361 F.3d 566, 575 (9th Cir. 2004). The amount of the award is adequate, though not a homerun. Class counsel submits 24 million represents 8.8% to 18.4% of the class estimated recoverable damages (Br. 10). Most securities cases before this judge fare better for the class. But 8.8% would not be unacceptable given the risks of litigation. Here, in the weeks before the notice of settlement was filed, non-party Janssen's delay in productions had already resulted in a postponement of the trial date and the reopening of discovery (Dkt. No. 235). Given the overall complexity of this case, it is likely summary judgment, pre-trial planning and trial would have suffered.

Further, the settlement notice problem has been remedied. Specifically, certain broker-dealers such as COR Clearing (which has since been acquired by AXOS Clearing LLC), CIBC, and Goldman Sachs, did not follow the required timeline for requesting settlement notice packets for their clients from the claims administrator, Epiq Class Action and Claims Solutions, Inc. This

resulted in delays that caused some class members not to receive notice of the class settlement until mere days before the deadline to submit a claim. After an extensive re-vamp of the notice process, all class members have now received at least 60 days' notice of this settlement. Since the re-vamp, an additional 1,724 claims have been submitted by class members, resulting in a grand total of 7,632 submitted claims. An additional 28 requests for exclusion were also submitted (Dkt. No. 303 at 2, 4). There are no outstanding objections, and no class member appeared at the fairness hearing to be heard. The settlement can now be approved.

Class counsel's request for $1,086,353.27 in litigation costs is approved. The request for attorneys' fees of 18% is also approved, with half to be awarded now and the remaining half to be awarded only after distribution of the settlement fund to the class is completed. Named plaintiffs Julia and Richard Junge may receive service awards of $500 each. Finally, Epiq may receive up to a grand total of $500,000 for costs. Should Epiq seek additional funds, a new motion must be brought to explain why such funds are merited.

## CONCLUSION

For the reasons stated herein and as previously stated on the record, the motions for final approval and attorneys' fees are **GRANTED**.

**IT IS SO ORDERED.**

Dated: September 28, 2023.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE