**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JULIA JUNGE and RICHARD JUNGE, on behalf of themselves and a class of similarly situated investors,<br><br>Plaintiffs,<br><br>v.<br><br>GERON CORPORATION and JOHN A. SCARLETT,<br><br>Defendants. | Case No. 3:20-cv-00547-WHA (DMR)<br><br>Class Action<br><br>(Consolidated with Case No. 3:20-cv-01163-WHA)<br><br>(Related to Case No. 3:20-cv-02823-WHA; 3:22-mc-80051-WHA)<br><br>[~~PROPOSED~~] **JUDGMENT APPROVING CLASS ACTION SETTLEMENT** |

WHEREAS, a consolidated securities class action is pending in this Court captioned *Julia Junge and Richard Junge v. Geron Corporation and John A. Scarlett*, Case No. 3:20-cv-00547-WHA (the "Action")[1];

WHEREAS, by Order dated April 2, 2022, the Court certified the Action to proceed as a class action on behalf of all persons who purchased Geron Corporation ("Geron") common stock during the period from March 19, 2018, to September 26, 2018, inclusive (the "Class Period"), and who were damaged thereby,[2] appointed Lead Plaintiffs Julia Junge and Richard Junge as Class

---

[1] The Court's docket reflects the case name as *Tollen v. Geron Corp. et al*, Case No. 3:20-cv-00547-WHA, which was amended by Lead Plaintiffs. (ECF Nos. 92, 103.)

[2] Excluded from the Class by definition are the Defendants, directors and officers of Geron, and their Families and affiliates. Also excluded from the Class are: (i) the persons and entities who excluded themselves by submitting a request for exclusion from the Class by July 22, 2022, or whose late notice to be excluded from the Class has been accepted by the Court, in connection with the Original Class Notice (as set forth on Appendix 1 to the Stipulation); and (ii) any persons or entities who exclude themselves by submitting a request for exclusion in connection with the Settlement Notice or Supplemental Settlement Notice. A complete list of exclusions reported to the Court as timely received as of March 9, 2023, by Epiq Claims and Class Solutions ("Epiq"), the Claims Administrator appointed by the Court, one request filed as ECF No. 264, and all additional requests for exclusion received by Epiq, and reported to the Court in advance of the August 24, 2023 Settlement Fairness Hearing (in response to the Supplemental Settlement Notice), is attached at Appendix 1 to this Judgment. Phillip Tougas and Patricia O'Grady, who excluded themselves from the Class in response to the Original Class Notice, and were identified at numbers 68 and 75 on the Appendix 1 to the Stipulation (ECF No. 247, at 38 of 38), have since submitted a Proof of Claim

Representatives for the Class, and appointed Lead Counsel Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") as Class Counsel for the Class;

WHEREAS, by Order dated May 3, 2022, the Court approved the proposed form and content of the Original Class Notice to be disseminated to the Class Members to notify them of, among other things: (i) the Action pending against Defendants; (ii) the Court's certification of the Action to proceed as a class action on behalf of the Class; and (iii) their right to request to be excluded from the Class by July 22, 2022, the effect of remaining in the Class or requesting exclusion, and the requirements for requesting exclusion;

WHEREAS, the Original Class Notice was mailed beginning on May 23, 2022, to all potential Class Members who could be identified through reasonable effort, resulting in the mailing of over 116,079 copies of the Original Class Notice, and 74 requests for exclusion representing 81 individuals were reported as received by Epiq Class Action and Claims Solutions, Inc. at the time of entry of the Stipulation;

WHEREAS, (a) Julia Junge and Richard Junge ("Lead Plaintiffs" and "Class Representatives"), on behalf of themselves and the Class; and (b) defendants Geron and Dr. John A. Scarlett ("Dr. Scarlett," and together with Geron, "Defendants," and together with Lead Plaintiffs, the "Parties") have entered into a Stipulation and Agreement of Settlement dated September 2, 2022 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated October 13, 2022 (the "Preliminary Approval Order"), and the October 17, 2022, Order Setting Schedule in Advance of March 30, 2023, Settlement Fairness Hearing (ECF Nos. 253 and 259), this Court: (a) preliminarily approved the Settlement; (b) ordered that notice of the proposed Settlement be provided to Class Members; and (c) scheduled a hearing

---

and Release Form in connection with the Settlement, and therefore, are deemed to have withdrawn their respective exclusion requests.

regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted hearings on March 30, 2023, at 11:00 a.m. Pacific Time (the "Settlement Fairness Hearing") and on August 24, 2023, at 1:30 p.m. Pacific Time (the "Second Settlement Fairness Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on September 2, 2022; and (b) the Settlement Notice, the Summary Settlement Notice and the Supplemental Settlement Notice.

3. **Notice** – The Court finds that the dissemination of the Settlement Notice, the Supplemental Settlement Notice and the publication of the Summary Settlement Notice and Supplemental Settlement Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the effect of the proposed Settlement (including the Releases to be provided thereunder); (ii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iii) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; and (iv) their right to appear at the Settlement Fairness Hearing and/or Second Settlement Fairness Hearing; (d) constituted due,

adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

4. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Class. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

5. The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiffs and the other Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

6. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiffs and all other Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. A list of potential Class Members requesting exclusion as of March 9, 2023 and as of July 14, 2023 (in accordance with the Supplemental Settlement Notice), according to the records of the Claims Administrator, as well as one request filed as ECF No. 264, is set forth in Appendix 1 hereto.

7. **Releases** – The Releases set forth in paragraphs 4 and 5 of the Stipulation, together with the defined terms contained in the Stipulation, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 8 below, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Class Members, on behalf of themselves, shall be deemed to have, and by operation of law and of this Judgment shall have, fully,

1  finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged
2  any and all of the Released Plaintiffs' Claims against Defendants and Defendants' Released Parties,
3  whether or not such Class Member executes and delivers a Claim or objects to the Settlement, and
4  shall forever be barred and enjoined from prosecuting, commencing, instituting, or continuing to
5  prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or
6  administrative forum, asserting any or all of the Released Plaintiffs' Claims against any of the
7  Defendants' Released Parties. This Release shall not apply to any of the Excluded Plaintiffs' Claims
8  (as that term is defined in paragraph 1(qq) of the Stipulation).

9    (b) Without further action by anyone, and subject to paragraph 8 below, upon the
10 Effective Date of the Settlement, Defendants, on behalf of themselves, and their Related Parties,
11 shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and
12 forever compromised, settled, released, resolved, relinquished, waived, and discharged any and all
13 Released Defendants' Claims against Lead Plaintiffs and Plaintiffs' Released Parties, and shall
14 forever be barred and enjoined from prosecuting, commencing, instituting, or continuing to
15 prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or
16 administrative forum, asserting any or all of the Released Defendants' Claims against any of the
17 Plaintiffs' Released Parties. This Release shall not apply to any of the Excluded Defendants' Claims
18 (as that term is defined in paragraph 1(pp) of the Stipulation).

19   (c) No person or entity shall have any claim against Lead Plaintiffs, Lead
20 Counsel, the Claims Administrator, or any other agent designated by Lead Counsel, or Defendants'
21 Released Parties and/or their respective counsel, arising from distributions made substantially in
22 accordance with the Stipulation, the Plan of Allocation approved by the Court, or any order of the
23 Court.  Lead Plaintiffs and Defendants, and their respective counsel, and all other Releasees shall
24 have no liability whatsoever for the investment or distribution of the Settlement Fund,  or the Net
25 Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or
26 payment of any claim or nonperformance of the Claims Administrator, the payment or withholding
27 of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in
28 connection therewith.

8. Notwithstanding paragraphs 7(a) – (c) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

9. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

10. **No Admissions** – Neither this Judgment, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other Plan of Allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Defendants' Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Released Parties with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Released Parties or in any way referred to for any other reason as against any of the Defendants' Released Parties, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of the Plaintiffs' Released Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Released Parties that any of their claims are without merit, that any of the Defendants' Released Parties had meritorious defenses, or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Released Parties, in any arbitration proceeding or other civil,

criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount that could be or would have been recovered after trial;

   (c) provided, however, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement. Defendants' Released Parties may file the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

  11. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

  12. Separate orders shall be entered regarding approval of a Plan of Allocation and the motion of Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

  13. **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, Lead

Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

14. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiffs, the other Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action immediately prior to the execution of the Term Sheet on August 19, 2022, as provided in the Stipulation.

15. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this __**3rd**__ day of __**October**__, 2023.

DATED: **October 3, 2023**

_____
HON. WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

Appendix 1

List of Exclusions

| Name | | City | State |
|---|---|---|---|
| 1. | ~~Kimberly A Bourque~~ | ~~Carlisle~~ | ~~PA~~ |
| 2. | Calvin Hackley | Upper Marlboro | MD |
| 3. | Thomas J Pizzuto and Thomas J. Pizzuto IRA and Thomas J. Pizzuto Roth IRA | Malvern | PA |
| 4. | Susan Rothstein Schwimmer | New York | NY |
| 5. | Wesley Le | Escondido | CA |
| 6. | Arpiben Shah | Deer Park | NY |
| 7. | Arthur Groome | Heath | TX |
| 8. | Richard H Ronan | Newark | OH |
| 9. | Sam Karhbet | Lafayette | LA |
| 10. | Robert W Hutchinson | Reading | PA |
| 11. | Marco Tiberii | Charlton | MA |
| 12. | Danny Charbonneau | Canton | TX |
| 13. | Igor Maksymyuk | Irvine | CA |
| 14. | Sudipto Mondal | Saint Paul | MN |
| 15. | Tammy Davis | New Waterford | OH |
| 16. | Ansamma Saju Paul | Philadelphia | PA |
| 17. | Bruce A Sanders (Retail Acct) | Marietta | GA |
| 18. | Matthew F Sanders (Roth IRA) | Marietta | GA |
| 19. | Donna L Sanders | Marietta | GA |
| 20. | Joseph M Moscogiuri | Toms River | NJ |
| 21. | Darryl J Wolff | Cape Coral | FL |
| 22. | Deborah E Wolff | Cape Coral | FL |
| 23. | Amanda K Wolff | Cape Coral | FL |
| 24. | Ashley Hettinger | Cedar Rapids | IA |
| 25. | Jacob Cunningham | Kansas City | KS |
| 26. | Franklin Hare | Sterling Heights | MI |
| 27. | Edward Bonde | King of Prussia | PA |
| 28. | Bob Flick | Crandall | TX |
| 29. | Javad Vahidi | Los Angeles | CA |
| 30. | Howard B Brown | Hiawassee | GA |
| 31. | Andrew Shatley | Bear | DE |
| 32. | Hanford Quock | Castro Valley | CA |
| 33. | Dale Newell | Hamburg | NY |
| 34. | Timothy A Fram | Lowell | MA |
| 35. | Gregory D Isaac | Parma | MI |
| 36. | Iris L Sun | Foster City | CA |
| 37. | David A Griffin | Stoughton | MA |
| 38. | Charles D Carter | Carrollton | OH |
| 39. | Sandra L Hoffman | Temperance | MI |
| 40. | Youngwon Hahn | Everett | WA |
| 41. | Jason Baker | Raleigh | NC |
| 42. | Tyler Coleman | Whitmore Lake | MI |

| | | | |
|---|---|---|---|
| 43. | Shahram Safavi | San Diego | CA |
| 44. | Keith Shuster | Swedesboro | NJ |
| 45. | Alex Amor | Eagan | MN |
| 46. | Demetrios Liaros | Bradenton | FL |
| 47. | Robert Stupar | Chicago | IL |
| 48. | William Stupar | Chicago | IL |
| 49. | William Charles Waldrop | Goochland | VA |
| 50. | Janet Lavonne Little | Cedar Bluff | VA |
| 51. | Sanders Saint Jour | Brooklyn | NY |
| 52. | Carol Bratton | Aptos | CA |
| 53. | Steven A Demarest | Davie | FL |
| 54. | Sherri L Despiegler | Davie | FL |
| 55. | Daniel Ruihan Qi | Orlando | FL |
| 56. | Matt Fina | Cary | IL |
| 57. | Preston Jones | Grand Prairie | TX |
| 58. | Alexander Dietl | Ithaca | NY |
| 59. | Tony Russo | Hueytown | AL |
| 60. | Christopher Szoly | Rocky River | OH |
| 61. | Maurice L Bakke and Maurice L. Bakke Single Account and Maurice L. Bakke and Mary Bakke JTWROS | Gainesville | VA |
| 62. | Mary Bakke | Gainesville | VA |
| 63. | Monty Milne | Phoenixville | PA |
| 64. | Duan Zhang | Bristol | CT |
| 65. | Alvin Laohapant | Silver Spring | MD |
| 66. | Michael Hardwick (deceased) | Aiken | SC |
| 67. | Patricia W Hardwick (executor) | Aiken | SC |
| 68. | Spencer Wu | Henderson | NV |
| 69. | Varghese Xavier | Floral Park | NY |
| 70. | Alan Lauver | | |
| 71. | Matthew Stratton | Anderson | SC |
| 72. | Piotr Niedzwiedz | Orlando | FL |
| 73. | Ron Brockway | Medina | OH |
| 74. | Gary Cornell Woolridge | Smith's Parish | Bermuda |
| 75. | Charles B VonCanon III | Mooresville | NC |
| 76. | McKayla Pate | Lovettsville | VA |
| 77. | Chad Allie | Frisco | TX |
| 78. | George Brodbeck | Berkeley | Australia |
| 79. | Carl J Frank | Osceola | WI |
| 80. | Aaron Kurjan | Traverse City | MI |
| 81. | Subrina Chowtie | Towson | MD |
| 82. | Erin Bramer Landtroop | Dripping Springs | TX |
| 83. | Daniel Targonski | Maspeth | NY |
| 84. | Timothy Townsend-Gant Sr | Portland | OR |
| 85. | Kimbarlie Zimmerman | Brooklyn Park | MN |
| 86. | Matthew Johnson | Altoona | PA |
| 87. | Andrew Indovina | Fairport | NY |

| | | | |
|---|---|---|---|
| 88. | Shaila Sadia | Sterling | VA |
| 89. | Seth Schiffbauer | Phoenix | AZ |
| 90. | Stephanie Gray | Goldsboro | NC |
| 91. | Victoria Stubbs | Laurel | MD |
| 92. | Shane Forler | Wilmington | NC |
| 93. | Cagri Yenigun | Savoy | IL |
| 94. | Sarah Virden | Ormond Beach | FL |
| 95. | Jerry Holick | Plano | TX |
| 96. | Pietro Hassan Geroli | Montreal | Canada |
| 97. | Alex Hernandez-Hualde | Virginia Beach | VA |
| 98. | David Lee | Pasadena | CA |
| 99. | Larry W Riley | Port St Lucie | FL |
| 100. | Mary C Riley | Port St Lucie | FL |
| 101. | Lim Hock Thong | | Singapore |
| 102. | Lee Sok Cheng | | Singapore |
| 103. | Ryan Jentz | | |
| 104. | James Marcus | Franklin Lakes | NJ |
| 105. | Ranjith Kumar Chilumuru | O'Fallon | MO |
| 106. | ~~Mark A AuBuchon~~ | ~~Marysville~~ | ~~WA~~ |
| 107. | Christopher Moraal | Natick | MA |
| 108. | Ryan Hubler | Aberdeen | NJ |
| 109. | Andrew Morris | Minneapolis | MN |
| 110. | Gil Huggins | Seneca | SC |
| 111. | Henry R. Darlington | Tempe | AZ |
| 112. | Stanley R. Riddell | Sammamish | WA |
| 113. | Richard B. Smith | York | PA |
| 114. | Katie Bielecki | | |
| 115. | Todd Ousley | Riverview | FL |
| 116. | Robert Jones | Dixon | IL |
| 117. | Gordon Blair | Williamsburg | VA |
| 118. | Glenn Shepherd | Laverock | PA |
| 119. | Therese Roth | Nyack | NY |
| 120. | Beverly Ann Hutchins | Brunswick | ME |
| 121. | Garry Barber | | |
| 122. | Rasha Abedi Shekib Ahmad | Charlottesville | VA |
| 123. | Ollie Winston Coggin IV | | |
| 124. | R. Sundaramoorthi | | |
| 125. | Mark Larrabee IRA and Mark Larrabee and Kasey Larrabee Joint Brokerage Account | Southington | CT |
| 126. | Jesus Almaguer | | |
| 127. | Thomas Brueck | Northvale | NJ |
| 128. | David John Hobbs (deceased) Matthew David Smith (executor) | Queensland Queensland | Australia Australia |
| 129. | Tracey Fligg | Tiffin | IA |
| 130. | Noah J. Simmons | Lodi | OH |