UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL TOLLEN, et al.,

    Plaintiffs,

v.

GERON CORPORATION, et al.,

    Defendants.

No. C 20-00547

**FURTHER CASE MANAGEMENT ORDER RE DISTRIBUTION AND ACCOUNTING**

In this securities class action, we long ago reached final approval (Dkt. No. 309). The approved plan of distribution of funds to class members directed a first distribution, a second distribution, a further distribution if more than $5,000.00 remained available for class members after the second distribution, and a final payment to a *cy pres* recipient to be approved by the Court of any remainder (in particular, see Dkt. No. 332 ¶ 3(d)(vii)). Notably, 50 percent of attorney's fees have been withheld and are to be distributed only upon the filing by class counsel of a final post-distribution accounting form, an attestation by class counsel that the fund is fully wound up, and an order of approval by the Court (Dkt. No. 309 at 3).

Late last year, class counsel submitted a first, interim post-distribution accounting form (Dkt. No. 388). That showed that after the first distribution there was still $542,995.92 to be distributed, or so it seemed. Time passed. An order prompted class counsel to file another update (Dkt. No. 340), which it has now done (Dkt. No. 341). This showed that after the

second distribution there was only $4,917.92 remaining uncashed — apparently below the $5,000.00 limit precluding a third distribution.  However, it seems no *cy pres* recipient was proposed, and there are other features of the post-distribution accounting form as completed that are not clear on their face.  For instance, it is not entirely clear how the amount of settlement funds claimed by class members ($70,855,587.63) could be larger than the settlement fund itself ($25,541,857.42).

**BY NOON ON JANUARY 29, 2025**, class counsel shall file a declaration explaining in plain terms **(1)** the steps that have been taken to complete the plan of distribution and, according to that plan, **(2)** the steps that remain and **(3)** the proposed *cy pres* recipient if necessary and why that recipient should be approved.  These explanations shall cite to the previously approved plans in this case and to corresponding line-items in the post-distribution accounting forms, with if necessary *any amendments to those forms being made and those forms being re-filed* as separate errata filings referencing the prior ones so as to be plain to any class member or other reader of the docket.

Again, only after all steps are completed, after a final post-distribution accounting form shows that the fund is otherwise fully wound up, and after a filed declaration by class counsel certifies the same — and even then only upon a judge's further order — can the withheld attorney's fees then be disbursed to the attorneys.  The undersigned will be taking inactive status in a few days, so these final steps will be overseen by the next judge.

**IT IS SO ORDERED.**

Dated:  December 28, 2025.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE